## MOWERY v WILEMAN

Ohio Appeals, 4th Dist, Lawrence Co

Decided June 22, 1936

Irish & Riley, Ironton, for plaintiff-appellee.

David E. Crowe, Ironton, for defendant-appellant.

## OPINION

By BLOSSER, J.

This case is in this court on appeal upon questions of law from the Court of Common Pleas where the plaintiff, O. C. Mowery, recovered a judgment against the defendant, George Wileman, in an action for damages to his automobile and the loss of the use of the same as a result of a collision between the plaintiff's automobile and the automobile of the defendant which was being operated at the time by the defendant's brother, Richard Wileman, the collision occurring at the intersection of two streets in the city of Ironton.

The petition alleges that the defendant consented that his automobile be driven by his brother, Richard Wileman, a minor fifteen years of age, who was incompetent and reckless in his manner of driving, which the defendant knew or should have known, and that the defendant's car was being driven in a reckless manner and at an unlawful rate of speed. The answer of the defendant was in effect a general denial and alleged that the plaintiff failed and neglected to stop when entering upon the street intersection as provided by city ordinance, and by so doing was guilty of contributory negligence. The case was tried to a jury which returned a verdict for the plaintiff. The defendant seeks a reversal for several alleged errors which occured during the trial.

At the close of all of the evidence the defendant moved for a directed verdict in his favor. He asserts that the driver of the defendant's car was not the agent of the defendant and that there is no evidence to prove that the brother was a reckless driver or that the defendant had knowledge of the same. It is further asserted that the evidence shows that the plaintiff was guilty of contributory negligence. On a motion to direct a verdict in favor of a defendant the plaintiff's evidence must be given the most favorable interpretation. If the evidence is con-flicting it is the duty of the court to submit the question at issue to the jury. The theory of the plaintiff's case is not based upon the agency of the minor brother but upon the combined negligence of the defendant in entrusting the automobile to his brother, whom he knew to be an incompetent and reckless driver, together with the negligence of the brother in causing the collision. 4 Ohio Jur. 711, 728. At page 14 of the record a witness testified that the defendant stated to his brother "I have told you about driving so recklessly and so fast." This evidence was sufficient to carry the case to the jury on that issue.

It is asserted that the court erred in admitting evidence that the defendant following the collision brought a suit in attachment against the plaintiff's car and the case was later dismissed. This evidence was developed on the cross examination of the defendant and we are not persuaded that it was in any way prejudicial.

The court in the general charge to the jury read parts of §12603 GC with reference to speed. The defendant asserts that this was erroneous for the reason that there was no evidence of unlawful speed on the part of the defendant. At page 12 of the record the plaintiff stated that the defendant's car was being driven between sixty and seventy miles per hour. This was an opinion based upon the condition of his car after the accident. There was no motion to rule out and the weight of this evidence was for the jury.

The most serious assignment of error is that of misconduct of counsel for the plaintiff in his opening statement to the jury and in improper questions propounded with reference to insurance on the defendant's automobile. The opening statements of counsel to the jury appear in the bill of exceptions and show the following to have occurred:

"Mr. Riley. And after the wreck he told Mr. Mowrey there, he said 'We've got insurance on our car'.

Objection. Sustained. Exceptions.

Mr. Riley. And he immediately called his brother and the insurance agent to come up—

Objection. Sustained. Exceptions.

The Court. The jury will not consider that remark.

174

Mr. Riley. And the insurance agent said to him—

Mr. Crow. Now, we object to that * * * and ask the court to admonish Mr. Riley.

The Court. You are not to make any further reference to that.

Mr. Riley. And then the insurance agent came on the scene of the wreck and told Mr. Mowery to bring his car down to the Litteral garage to determine the extent of the damage, and when Mr. Mowery took the car to the Litteral garage the insurance agent went with George W. Wileman, the defendant here to the squire's court * * *."

The defendant was called by the plaintiff as his first witness for the purpose of cross examination. No reference was made by the defendant in his testimony to the subject of insurance but again counsel for plaintiff injected the subject of insurance by the following question, to which an objection was sustained:

"Were you present there when the insurance agent got Mr. Mowery to bring his car to a garage?"

The general rule prevailing in Ohio in motor vehicle accident cases is that the jury should not be informed of the fact that the defendant is protected by indemnity insurance by the statements of counsel or the testimony of the witnesses. This is so for the reason that the mere fact that the defendant is so protected is irrelevant and immaterial since it does not tend to prove any material issue in the case. 17 Ohio Jur. 216. The rule, like most rules of evidence, is subject to qualifications and exceptions and such evidence may be properly admitted where it shows an admission of liability or a declaration against interest. 17 Ohio Jur. 217. The rule was for a time at least enforced with such strictness that counsel were not permitted to inquire of a prospective juror whether he was connected with or had an interest in an indemnity company. Pavilonis v Valentine, 120 Oh St 154; Vega, Admr. v Evans, 128 Oh St 535. The rule has, however, by more recent decisions of the Supreme Court been relaxed in this particular to the extent that counsel for plaintiff has the right to interrogate a juror on his voir dire examination as to whether he is connected with or interested in a casualty insurance company and the extent thereof when such examination is made in good faith. Dowd-Feder, Inc. v Truesdell, 131 Oh St 530, Morrow v Hume, Admrx., 131 Oh St 319.

None of the statements quoted support any material issue in the instant case. If counsel for the plaintiff had attempted to introduce evidence of the facts referred to in his opening statement such evidence would have been incompetent since the statements do not definitely admit liability. The persistency of counsel for the plaintiff in referring to the subject of insurance after the admonition of the trial court that he should desist could have been made for one purpose only and that was to prejudice the minds of the jury against the defendant. The mere sustaining of the objections of counsel for the defendant to the statements of counsel for the plaintiff was not sufficient to free the case from the possibility of prejudice against the defendant because of such statements. The action of counsel for the plaintiff in the particular mentioned constituted prejudicial error, for which the judgment must be reversed and the cause remanded.

Judgment reversed.

McCURDY, PJ, and GILLEN, J, concur.